## WOOLDRIDGE *v.* MISSISSIPPI VALLEY BANK *et al.*

(*Circuit Court, S. D. Mississippi.* January Term, 1888.)

ATTACHMENT—PRIORITY—MORTGAGE—DEED ABSOLUTE.

H. was owner in fee of a tract of land which he conveyed to W. for the sum of $800 in cash, paid at the time. The conveyance was absolute on its face, and was duly acknowledged and recorded. Subsequently H. repaid to W. part of the money received, and procured W. to convey the land to K., by deed absolute on its face, K. paying to W or to H., who paid it to W., the balance of the money with interest received from W This deed was duly acknowledged and recorded. H. joined in the deed from W. to K., conveying all the timber cut or to be cut on the land. W. also in her deed conveyed all the timber cut or to be cut on the land to K. H., at the time this deed was executed, with the amount so paid to him by K., was indebted to K., or the bank of which he was cashier, in the sum of $4,550.26, for which he gave his two notes. Two days after the deed was executed K. addressed a letter to H. in which he promised, upon the payment of these two notes, to convey the land to any one whom H. might designate. Subsequently the bank and K. became insolvent, and the land was levied upon by G., a creditor of K. and the bank, upon which judgment was rendered. B., another creditor of K. and the bank, sued out an attachment, and garnished H. as debtor of K. and the bank. The creditor had no knowledge of the letter or defeasance of K. to H. *Held*, that G.'s attachment fixed a lien upon the land for the amount f his judgment prior to any indebtedness from H. to K., liable to the garnishment of B. against K. or the bank.

(*Syllabus by the Court.*)

In Equity. On motion to set aside decree.

*L. Magruder*, for defendant Bowles.

*M. Marshall*, for defendant Gilbert.

HILL, J. The questions now for decision arise upon the motion of Mrs. L. H. Bowles to set aside a decree theretofore rendered in this cause, upon the petition of James H. Hays, exhibits and agreed state of facts, and to have the proceeds of the sale of the land described in said petition paid over to Mrs. Bowles. The question is, was the decree sought to be set aside right or wrong? If wrong, it ought to be set aside; but if right, it should stand, and the fund arising from the sale should be paid over to Mrs. Bowles. From the exhibits and agreed state of facts, the following is made to appear:

Hays was the owner of the land in fee, and procured from Mrs. Mary Walsh the sum of $800, and, either in payment for the money or as security for its repayment, executed to her a deed in fee, absolute on its face, conveying to her the land described in the petition, which deed was duly acknowledged and recorded. Some time after this was done, Hays repaid to Mrs. Walsh a portion of the money received from her, and procured her to execute to G. M. Klein, as cashier of the Mississippi Valley Bank, a deed absolute on its face to this tract of land. Klein paid to Mrs. Walsh the balance of the money, with interest so paid by her to Hays. Hays at the time owed the bank other debts which, with the sum so paid to Mrs. Walsh, amounted to the sum of $4,550.26, and for which he executed his two notes. Two days after the execution of the deed, Klein addressed Hays a letter, as follows:

"VICKSBURG, MISS., April 25, 1879.

"*James J. Hays, Vicksburg, Miss.*—DEAR SIR: I hereby agree to make to any one whom you may designate a deed to the property, purchased by me from Mrs. Mary Ann Walsh, upon the payment to me of your two notes of twenty-one hundred and eighty-five dollars 31-100 ($2,185.31) and twenty-three hundred and sixty-four 95-100, ($2,364.95,) in accordance of the terms of said notes. I further agree to refund to you the interest at the same rate as charged you upon any credit that may be made on said notes, and to credit you with all money collected from the steamer Vicksburg claim in my hand.

"Yours, respectfully,                          GEO. M. KLEIN, Cashier."

Gilbert, a creditor of the bank or of J. A. & G. M. Klein, who composed the bank as private bankers, sued out his attachment against them, and caused the same to be levied upon the interest of defendants in the land so before conveyed to George M. Klein, cashier, and has obtained judgment thereon in the circuit court of Warren county. Mrs. L. H. Bowles, another creditor of the Kleins, or of the bank, sued out her attachment in the same court against said Kleins, and caused Hays to be summoned as a garnishee, to answer what sum he was indebted to said Kleins, who answered that he owed them or the bank the sum of $1,000 on said notes. Hays filed his petition in this cause against said Kleins and the receiver, alleging that the deed to Klein of the land, though absolute on its face, was in fact only a mortgage to secure the payment of said notes, and exhibited with his petition, as part thereof, the letter written by Klein to him on the 25th April, 1879. Hays, in his petition, alleged that he had been summoned as a garnishee in the suit above stated, and prays that the said deed be declared a mortgage, and that upon the payment of the said sum of $1,000 the title to said land be vested in him. By consent of all parties, including Mrs. Bowles, the case was submitted to the court upon the petition, exhibits, and agreed state of facts, for such decree as the court might deem to be the rights and equities of the respective parties. The court, upon examination and consideration of the questions involved, found that, as between the bank or the Kleins and Hays, the deed conveyed the legal title to the lands to said George M. Klein as cashier of the bank, with the obligation of Klein to convey the title to Hays or any other person designated by him upon payment of said notes; that the legal title to the lands being in said Klein, absolute on its face, as it appeared on the records, without any notice of any defeasance or other equity to Gilbert, or other creditors, the land was subject to the attachment of Gilbert, which fixed a lien upon it for the payment of the judgment afterwards recovered in said suit, so far as it related to the title of said Klein in said land, and which would pass to the purchaser under a sale to be made for the satisfaction of the judgment rendered thereon; but that Hays, upon the payment of the balance due Klein, would be entitled to a conveyance of the land, which, if paid by Hays, would go to Gilbert. As the land had not been sold, it was agreed that it should be sold, and that, if it sold for more than enough to pay the balance due to Klein, the balance should be paid to Hays. It was further held that, as the attachment of Gilbert was served before the garnishment of Mrs. Bowles, she could take nothing by her garnishment until Gilbert's

judgment was paid. The land was sold, but did not bring enough to pay Gilbert's judgment, so that neither Hays, nor any one claiming through him, has any interest in the proceeds of the sale.

To sustain the motion in this case, it is insisted with great earnestness that the possession of Hays, in continuing to cut and remove the timber on said land, and by the temporary sheds or camps in which his employes staid while so employed, was notice to the world that the deed was in fact a mortgage, and of his title as a mortgagor, and that Klein's interest as a mortgagee was not subject to Gilbert's attachment, but could only be reached by garnishment or bill in equity; that as Gilbert did not pursue either remedy, and as Mrs. Bowles did pursue the remedy by garnishment, she is entitled to the proceeds of the sale of the land. But Hays having joined in the deed conveying the timber on the land cut, and to be cut by him, his possession was entirely consistent with Klein's title under his deed, and left Gilbert with no notice, actual or constructive, of Hay's equity in the land, or that he was indebted to Klein or the bank in any sum whatever, so that Gilbert had a right to suppose that Klein was the legal owner of the land, without any equity or claim against his title, and hence his right to pursue his remedy by attachment. The questions raised have been ably presented by counsel in favor of the motion, but I am unable to find any error in the decree sought to be set aside. Therefore, the motion will be overruled, and an order entered that the proceeds of the sale be paid over to Gilbert.